UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| JOHN P. MAHON, | ) |
| | ) |
| Petitioner, | ) Civil No. 0: 13-152-HRW |
| | ) |
| V. | ) |
| | ) |
| WARDEN M. SEPANEK, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner John P. Mahon is an inmate confined at the Federal Prison Camp in Ashland, Kentucky. Proceeding without an attorney, Mahon has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mahon's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On February 28, 2003, Mahon agreed to plead guilty to making false statements in furtherance of acquiring a firearm in violation of 18 U.S.C. § 922(a)(6) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 15, 2003, the government filed a notice that it intended to seek enhanced penalties against Mahon under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of four prior felonies. Mahon had previously been convicted in Cuyahoga County, Ohio of (1) attempted burglary in 1982; (2) possession of criminal tools (a sawed-off shotgun) in 1983; (3) breaking and entering in 1983; and (4) breaking and entering in 1985. Mahon conceded that the first two convictions qualified as "violent felonies," but argued that the convictions for breaking and entering did not. Over his objection, the trial court concluded that all four of Mahon's convictions were for "violent felonies," and therefore his sentence was enhanced pursuant to 18 U.S.C. § 924(e). On September 29, 2004, Mahon was sentenced to a 210-month term of incarceration. *United States v. Mahon*, No. 1:02-CR-500 (N.D. Ohio 2002).

Mahon appealed his sentence to the Sixth Circuit, challenging the trial court's conclusion that his prior convictions for breaking and entering were for

"violent felonies" under § 924(e). The Sixth Circuit disagreed, concluding that the trial court properly decided that these convictions were for "generic" burglary under the analytical framework established by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). Under *Taylor*, where the prior conviction to be used to enhance the federal conviction is for one of the offenses specifically enumerated in 18 U.S.C. § 924(e)(2)(B), the court need only determine whether the statute of conviction criminalizes the same conduct as the generic definition of the offense enumerated in § 924(e)(2)(B). The generic definition of burglary involves "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*. at 598.

Ohio's "breaking and entering" statute contains two subparts: Ohio Revised Code § 2911.13(B), which criminalizes a broader range of conduct than generic burglary, and Ohio Revised Code § 2911.13(A), which criminalizes "trespass in an unoccupied structure, with purpose to commit therein any theft offense ... or any felony." The Sixth Circuit had previously held that subsection (A) covered "generic" burglary under *Taylor*. *United States v. Bentley*, 29 F.3d 1073, 1077 (6th Cir. 1994). Because the breaking and entering indictments to which Mahon had pled guilty charged him with "unlawfully and purposely and by force, stealth or deception, trespass[ing] in an unoccupied structure," the Sixth Circuit agreed with the district court's conclusion that Mahon had been convicted under Ohio Revised

Code § 2911.13(A), which matches the definition of generic burglary under *Taylor*, and thus his sentence was properly enhanced under § 924(e). *United States v. Mahon*, 444 F.3d 530, 532-34 (6th Cir. 2006). The case was, however, remanded for resentencing because the district court incorrectly believed that the sentencing guidelines were mandatory rather than advisory. *Id.* at 536.

In his petition, Mahon contends that his two convictions for breaking and entering cannot qualify as "violent felonies" using the analytical framework described by the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008). Under *Begay*, a prior offense "involves conduct that presents a serious potential risk of physical injury to another" under the residual clause of § 924(e)(2)(B) only if it is "roughly similar, in kind as well as in degree of risk posed," to the offenses enumerated in § 924(e)(2)(B), namely "burglary, arson, or extortion, [or] involves use of explosives." *Id.* at 143. Mahon contends that his two convictions for breaking and entering do not satisfy this criteria. [D. E. No. 1, p. 4]

The Court must deny Mahon's petition because it is procedurally improper and substantively meritless. Mahon may not challenge the enhancement of his sentence in this habeas proceeding under Section 2241. Mahon's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence

but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim.").

Even if the Court could reach the substance of Mahon's claim, it is clear that it is without merit. As the Sixth Circuit made plain in his direct appeal, Mahon's two prior convictions for breaking and entering under Ohio Revised Code § 2911.13(A) satisfy the generic definition of burglary under *Taylor*, and thus constitute one of the specifically *enumerated* "violent felonies" under § 924(e)(2)(B). Because these convictions are for the enumerated offense of burglary, no resort to the "residual clause" of § 924(e)(2)(B) is necessary or appropriate. Where, as here, the defendant's sentence was enhanced for the prior commission of an enumerated offense, *Begay* has no relevance.

Accordingly, **IT IS ORDERED** that:

1. Mahon's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3.  This matter is **STRICKEN** from the docket.

This the 21st day of February, 2014.

